UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  EDCV 12-207-JLS (DTBx)                                    Date: January 8, 2014
Title:  Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|   Terry Guerrero   | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, (2) GRANTING DEFENDANTS' MOTION TO STRIKE, AND (3) DISCHARGING OSC (Docs. 22, 24)**

Before the Court are Motions to Dismiss and to Strike filed by Defendant Bank of America, N.A., as successor to BAC Home Loans Servicing, LP ("BAC"), and the Federal Home Loan Mortgage Corporation ("Freddie Mac").  (Docs. 22, 24.)  On December 10, 2013, the Court took these Motions under submission.  (Doc. 28.)

Plaintiffs failed to oppose the Motion to Strike, and that motion is therefore GRANTED as unopposed.  Plaintiffs opposed the Motion to Dismiss, (Doc. 26), and Defendants replied, (Doc. 27.)  Having reviewed the briefing, and for the reasons stated below, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss.[1]

I.   Background

When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint.  *Hemi Grp., LLC v. City of New York*, ---U.S.----, 130 S. Ct. 983, 986-87 (2010).  On or about December 27, 2006, Plaintiffs obtained a mortgage in the sum of $333,000 from Countrywide.  (FAC ¶ 18, Doc. 20.)  That loan was serviced

---

[1] The Court's October 16, 2013 Order to Show Cause is DISCHARGED, however Plaintiffs are cautioned that future late filings will be stricken.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-207-JLS (DTBx)            Date: January 8, 2014

Title: Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

by BAC. (*Id*.) In May 2010, BAC approved Plaintiffs' second application for a modified payment plan, and sent Plaintiffs a Trial Plan Period ("TPP") contract. (*Id*. ¶ 19; Notice of Removal Ex. A ("TPP"), Doc. 1.) Plaintiffs signed the TPP and returned it to BAC. (FAC ¶ 19.) In July 2010, BAC informed Plaintiffs that the TPP had been cancelled because Plaintiffs had "telephonically cancelled." (*Id*.) Plaintiffs never made a phone call cancelling their TPP. (*Id*.) In August 2010, Plaintiffs sent a third application for a modified payment plan. (*Id*.) That application was denied, and Plaintiffs were informed that BAC had a policy whereby when a TPP is cancelled, the homeowner must wait a year before reapplying. (*Id*.)

    Plaintiffs sent BAC partial mortgage payments in October, November, and December of 2010. (*Id*.) BAC accepted those payments but nevertheless continued with the foreclosure process. (*Id*.) In December 2010, Plaintiffs hired legal counsel and submitted a fourth application for a modified payment plan, which was denied. (*Id*. ¶ 20.) In February 2011, BAC recorded a Notice of Default. (*Id*.) Plaintiffs called and explained that BAC had cancelled their May 2010 TPP in error. (*Id*.) In response, BAC requested that Plaintiffs submit a fifth application for a modified payment plan. (*Id*.) BAC refused to review that application, and on September 16, 2011, Defendant Quality Loan Service Corporation conducted a Trustee's Sale, wherein the property was sold to Defendant Freddie Mac. (*Id*.)

    On October 1, 2011, Plaintiffs attended a workshop hosted by BAC, and were informed by Maria Villareal, a BAC representative, that their financial documents qualified them for a loan modification, and that the Trustee's Sale would be rescinded. (*Id*. ¶ 21.) Freddie Mac has since filed an unlawful detainer action, which had a trial date of January 30, 2012. (*Id*.) Freddie Mac informed Plaintiffs that the Trustee's Sale could not be rescinded because there had been no permanent loan modification. (*Id*.)

    On January 24, 2012, Plaintiffs filed a Complaint against Defendants in Riverside County Superior Court. (Notice of Removal Ex. 1, Doc. 1.) On January 27, 2012, Plaintiffs filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 12-207-JLS (DTBx)                                                  Date:  January 8, 2014

Title:  Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

Court for the Central District of California.  (Defs' Request for Judicial Notice ("RJN") Ex. 9 ("Bankruptcy Petition"), Doc. 23.)[2]

On February 9, 2012, Defendants removed the Complaint to this Court.  (Doc. 1.) On February 16, 2012, this case was stayed due to Plaintiffs' bankruptcy case.  (Doc. 7.) The bankruptcy case closed on May 11, 2012, and July 24, 2013, the stay was lifted in this case.  (Docs. 8, 10.)  On October 7, 2013, Plaintiffs filed a First Amended Complaint ("FAC"), asserting claims for fraud, breach of contract, breach of written contract, wrongful foreclosure, promissory estoppel, negligence, negligent misrepresentation, cancellation of Trustee's Sale, cancellation of Trustee's Deed, and violation of California's Unfair Competition Law.  (Doc. 20).  On October 21, 2013, Defendants filed the instant Motions, seeking to dismiss and to strike the FAC.

**II. Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009).  Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).

---

[2] Defendants request judicial notice of a number of publicly filed records, including Plaintiffs' bankruptcy petition, filed in the United States Bankruptcy Court, Central District of California, and Notices of Default and Trustee's Sale pertaining to the Property, filed in Riverside County. (Defs' RJN.)  Under Federal Rule of Evidence 201, the Court can take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, a district court "may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999).  As the foregoing documents are public records, Defendants' Request for Judicial Notice is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-207-JLS (DTBx)                                    Date: January 8, 2014

Title: Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). The issue on a motion to dismiss for failure to state a claim "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims" asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As the Ninth Circuit recently clarified, a complaint must be (1) sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it and (2) sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In considering the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### III. Discussion

#### A. Failure to Tender

As a preliminary matter, Defendants argue that Plaintiffs' claims are barred because Plaintiffs have failed to allege either tender or an ability to tender. (Mot. at 5.)

"It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984). "The application of the tender rule prevents a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 12-207-JLS (DTBx)                                               Date:  January 8, 2014
Title:  Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

challenge has not established his ability to purchase the property." *Keen v. Am. Home Mortg. Servicing, Inc.*, 664 F. Supp. 2d 1086, 1100 (E.D. Cal. 2009) (internal quotation marks omitted).

In this case, Plaintiffs do not seek to prevent a trustee sale solely on a technical ground.[3][4] Rather, they are arguing that they were entitled to a loan modification—i.e., that they should not in fact be required to pay the full amount of their indebtedness at this time.  As such, it would not be equitable to require them to allege tender in order to sustain their claims.  *See Vissuet v. Indymac Mortg. Servs.*, No. 09-CV-2321-IEG (CAB), 2010 WL 1031013, at *2-3 (S.D. Cal. Mar. 19, 2010) ("[I]t is well-established that an offer to pay debt may not be required where doing so would be inequitable.")  (citation and internal quotation marks omitted); *see also Mabry v. Superior Court*, 185 Cal. App. 4th 208, 225 (2010) (declining to require tender where plaintiffs asserted a "right to be contacted about the possibility of *alternatives* to full payment of arrearages").

**B. Standing**

Defendants also argue that Plaintiffs lack standing to assert their claims because those claims became the property of Plaintiffs' bankruptcy estate following their filing of a bankruptcy petition.  (Mot. at 5-6.)

"An action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1).  "The commencement of a [bankruptcy case] creates an estate . . . comprised of all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  Those interests include all causes of action that accrued before the debtor declared bankruptcy.  *Fresno Rock Taco LLC v.*

---

[3] The primary cases Defendants cite in support of their argument all involve plaintiffs attempting to set aside foreclosures on technical grounds. *See Karlsen v. Am. Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971); *Arnolds*, 158 Cal. App. 3d at 577 (seeking to set aside a foreclosure sale based upon an "alleged defect in notice"); *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1022 (1989).

[4] As is discussed further below, Plaintiffs' claim to set aside trustee's sale is dismissed with prejudice insofar as it is based on the technical ground that Defendants failed to publish and post notice of their intent to sell Plaintiffs' property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-207-JLS (DTBx)                        Date: January 8, 2014

Title: Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

*Rodriguez*, No. 11-cv-00622 LJO SKO, 2011 WL 5240444, at *2 (E.D. Cal. Nov. 1, 2011) (citing *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707-09 (9th Cir. 1986).) Property listed on the bankruptcy petition, and therefore administered in the bankruptcy case, reverts to the debtor upon the close of the case. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001).

      Plaintiffs disclosed their claims in their bankruptcy petition. (Bankruptcy Petition at 17, Doc. 23) (listing, under "other contingent and unliquidated claims of every nature," "[c]auses of action against Bank of America for wrongful foreclosure.") As such, the claims reverted to Plaintiffs upon the close of their bankruptcy case on May 11, 2012. (Doc. 8.) Plaintiffs are therefore the real parties in interest and have standing to assert their claims.

      **C. Individual Claims**

           **1. Fraud**

      Defendants argue that Plaintiffs have failed to state a claim for fraud. In order to state a claim for fraud under California law, a plaintiff must plead: (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). In order to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), a plaintiff must "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), including "the who, what, when, where, and how of the misconduct charged" and "what is false or misleading about a statement and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations and quotation marks omitted) ("Rule 9(b)'s particularity requirement applies to state-law causes of action").

      Plaintiffs allege that they relied on "the promises and representations of BAC that a modification would be provided" and that they would "provide a good faith review" of Plaintiffs' loan modification applications. (FAC ¶ 26.) They allege that as a result of their reliance, they were "prevented from seeking any other available remedies to foreclosure." (*Id.*) Plaintiffs allege that on October 1, 2011, Villareal told them that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 12-207-JLS (DTBx)　　　　　　　　　　　　Date: January 8, 2014
Title: Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

"their financial documents qualified for a modification." (*Id.* ¶ 21.) However, Plaintiffs could not have detrimentally relied on that alleged misrepresentation, as their home was sold on September 16, 2011, before the statement was allegedly made. (*Id.* ¶ 20.) Plaintiffs do not identify any other misrepresentations with sufficient particularity. As such, they have failed to state a claim for fraud, and their claim is dismissed without prejudice.

### 2. Breach of Contract as Third Party Beneficiary

Plaintiffs assert a breach of contract claim against BAC, alleging that they are third party beneficiaries of "the [c]ontract that BAC made with [t]he U.S. Department of Treasury in their SERVER PARTICIPATION AGREEMENT [SPA]." (FAC ¶ 33.) They do not attach the SPA, but allege that pursuant to the SPA, BAC elected to participate in the Home Affordable Modification Program ("HAMP"), and that BAC breached the SPA by failing to comply with their obligations under HAMP. (*Id.* ¶¶ 33-34.)

In contract law, third party beneficiaries of the government's rights under a contract are normally assumed to be only incidental beneficiaries and are precluded from enforcing the contract absent a clear expression of a different intent." *Hook v. State of Ariz., Dep't of Corr.*, 972 F.2d 1012, 1015 (9th Cir. 1992). Plaintiffs fail to attach the SPA, and cite no language in the SPA explicitly naming them as beneficiaries to the contract. As such, they fail to allege a contract that they have standing to enforce and fail to state a claim for breach of contract as a third party beneficiary. Their claim is therefore dismissed without prejudice.

### 3. Breach of Contract

Plaintiffs also assert a breach of contract claim against BAC based on BAC's alleged breach of the TPP. (FAC ¶¶ 38-44.) Plaintiffs allege that they entered into a TPP with BAC, and complied with all the terms and conditions of the agreement. (*Id.* ¶¶ 41-42.) They allege that BAC breached the terms of the TPP by terminating the contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-207-JLS (DTBx)            Date: January 8, 2014

Title: Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

"using the fabricated excuse that somehow Plaintiffs had called in and allegedly cancelled the contract verbally." (*Id*. ¶ 42.)

Defendants argue that the TPP Plaintiffs attached to their original Complaint "contradicts . . . their contention that a contract was ever formed." (Mot. at 9.) They note that although the TPP states that the plan "will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature," the copy of the TPP produced by Plaintiffs was not signed by BAC, the servicer. (TPP at 1, 3.)

In ruling on a Rule 12(b)(6) motion, the Court accepts all material allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994). Plaintiffs allege that a contract existed between them and Plaintiffs. The mere fact that the copy of the TPP attached to Plaintiffs' Complaint was not signed by BAC does not necessarily contradict Plaintiffs' allegations. *See Kennedy v. Wells Fargo Bank, N.A.*, 11-4635 DSF (PLAx), 2011 WL 4526085, at *2 (C.D. Cal. Sept. 28, 2011) (declining to find at the motion to dismiss stage that an unsigned TPP did not constitute a contract.) As such, Defendants' Motion is denied as to this claim.

### 4. Wrongful Foreclosure – Violation of Section 2923.5

Plaintiffs allege that Defendants failed to comply with the requirements of California Civil Code § 2923.5 prior to filing a Notice of Default. (Compl. ¶¶ 45-52.) Section 2923.5 requires that, at least 30 days prior to filing a Notice of Default, a lender contact the borrower to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." The requirements of § 2923.5 are construed narrowly, and do not require the lender to "consider a whole new loan application or take detailed loan application information over the phone." *Mabry*, 185 Cal. App. at 232. They also do not require lenders to "engage in a [loan counseling] process that would be functionally indistinguishable from taking a loan application in the first place." *Id*. Further, because "the remedy for noncompliance [with § 2923.5] is a simple postponement of the foreclosure sale, nothing more . . . . [the] inquiry . . . is solely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 12-207-JLS (DTBx)                          Date:  January 8, 2014
Title:  Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

whether there was compliance with [§] 2923.5 *at any time*, because only without any compliance can relief be afforded to the plaintiff . . . ." *Keng Hee Paik v. Wells Fargo Bank, N.A.*, 10-04016 WHA, 2011 WL 3359697, at *2 (N.D. Cal. Aug. 3, 2011) (emphasis in original).

      Plaintiffs' claim fails because according to Plaintiffs' own allegations, Defendants exceeded the requirements of § 2923.5.  According to Plaintiffs, Defendants did more than consider a loan modification application from Plaintiffs—in May 2010 they "approved [Plaintiffs'] second [loan modification] application."  (FAC ¶ 19.)  As such, Plaintiffs' claim is dismissed with prejudice.

      **5.**      **Promissory Estoppel**

      The elements of a promissory estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)[that the] reliance [was] both reasonable and foreseeable; and (4) [that] the party asserting the estoppel [was] injured by his reliance." *Advanced Choices, Inc. v. State Dept. of Health Services*, 182 Cal. App. 4th 1661, 1672 (2010).

      Defendants argue that Plaintiffs do not plead "a clear, unambiguous promise." (Mot. at 11.)  However, although the FAC is imprecisely worded, it is evident that Plaintiffs allege that they relied on the promises contained within the TPP.  (FAC ¶ 56.) Specially, Plaintiffs allege that they relied on BAC's "representations that if [its] agreements were followed, any scheduled foreclosure of the subject property would be postponed and a permanent modification would be honored." (*Id*.)  A copy of the TTP is attached to Plaintiff's Complaint, and contains details regarding the terms of the alleged contract.  (TPP.)  That suffices to plead a clear and unambiguous promise.

      Defendants also argue that Plaintiffs fail to plead reliance or injury.  (Mot. at 11.) As to those elements, Plaintiffs plead only that they "relied on the representations of Defendant BAC to their detriment" and "suffered and will continue to suffer . . . damages."  (FAC ¶¶ 57, 59.)  However, earlier in the FAC, Plaintiffs allege that they "complied with all the terms and conditions of the [TPP]" and that "because of BAC's failure to honor the TPP, their "attempts to save their home from foreclosure have been

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-207-JLS (DTBx)                      Date: January 8, 2014
Title: Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

derailed . . . and as a result they are being wrongfully evicted from their home." (*Id*. ¶¶ 34, 42.) Together, these allegations suffice to plead reliance and injury.

      Therefore, the Motion is denied as to this claim.

### 6. Negligence

      Defendants argue that Plaintiffs fail to state a claim for negligence because as a lender, BAC owed no duty of care to Plaintiffs. (Mot. at 12.) "The threshold element of a cause of action for negligence is the existence of a duty to use due care toward and interest of another . . . Whether this essential prerequisite has been satisfied is a question of law." *Glenn K. Jackson, Inc. v. Roe*, 273 F.3d 1192, 1196-97 (9th Cir. 2001). "As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). However, in determining whether a financial institution owes a duty of care, courts look at the circumstances of the particular transaction. Specifically, courts balance six factors articulated in *Biakanja v. Irving*, 49 Cal. 2d 647 (1958), including

> (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of the harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm.

*Id*. at 1098 (quoting *Biakanja v. Irving*, 49 Cal. 2d at 650).
      Plaintiffs allege that BAC "had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to maintenance, accounting and servicing of loan records." (FAC ¶ 62.) They also allege that "BAC gave conflicting instructions and instructed [them] to submit multiple [loan modification] applications and declined said applications for false

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-207-JLS (DTBx)                                                         Date: January 8, 2014

Title: Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

_____

reasons." (*Id.*) Finally, they allege that "[w]hen BAC promised to provide mortgage assistance they stepped beyond their traditional role as a lender and created a duty of care to plaintiffs." (*Id.*)

BAC's actions in maintaining and servicing loan records clearly do not "exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096; *see also Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1149-50 (E.D. Cal. 2010) (finding no duty of care where plaintiffs alleged that lenders failed to properly create and maintain loan documents). As to Plaintiffs' allegations regarding BAC's failure to approve their loan modification applications, a California court has concluded that lenders do not have a "common law duty of care to offer, consider, or approve a loan modification." *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 820 (Ct. App. 2013). The *Lueras* court concluded that "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money." *Id*. Applying the *Biakanja* factors, the court found that "[i]f the modification was necessary due to the borrower's inability to repay the loan, the borrower's harm, suffered from the denial of the loan modification, would not be closely connected to the lender's conduct." *Id.*; *see also Becker v. Wells Fargo Bank, N.A.*, 10-cv-02799 LKK KJN PS, 2011 WL 1103439 at *23-24 (E.D. Cal. Mar. 22, 2011); *Dooms v. Fed. Home Loan Mortg. Corp.*, 11-0352 LJO DLB, 2011 WL 1232989, at *9 (E.D. Cal. Mar. 31, 2011). Therefore, Plaintiffs' allegations regarding Defendants' rejections of their loan modification applications also do not suffice to plead a duty of care.

Finally, insofar as Plaintiffs allege that Defendants acted negligently in cancelling the TPP, one district court has found that the offer of a TPP suffices to create a duty of care. *See Ansanelli v. JP Morgan Chase Bank, N.A.*, No. 10-03892 WHA, 2011 WL 1134451, at *7 (N.D. Cal. Mar. 28, 2011) (finding that allegations that a bank denied a permanent loan modification after having approved a TPP sufficed to "allege[] that defendant went beyond its role as a silent lender . . . to engage with [plaintiffs] concerning the trial period plan"). However, the Court finds that holding unpersuasive. Applying the reasoning of the *Lueras* court, it is not clear how the offer of a TPP is distinguishable from the consideration of a loan modification application. A TPP

_____

**CIVIL MINUTES – GENERAL**                                                                                          11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 12-207-JLS (DTBx)                               Date:  January 8, 2014
Title:  Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

constitutes a step in the process of applying for a permanent loan modification.  Further, insofar as the TPP was necessary due to the Plaintiffs' inability to repay their mortgage, the foreclosure was most closely linked to that, and not to Defendants' denial of a permanent loan modification.

As such, Plaintiffs' claim is dismissed without prejudice.  Plaintiffs may amend their claim to plead facts showing that Defendants exceeded the scope of their role as lenders only if Plaintiffs can do so consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

### 7. Negligent Misrepresentation

"As is true of negligence, responsibility for negligent misrepresentation rests upon the existence of a legal duty . . . owed by a defendant to the injured person." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).  For the same reasons discussed above with respect to Plaintiffs' negligence claim, Plaintiffs have failed to plead that Defendants owed them a duty of care.

In addition, a claim for negligent misrepresentation requires "'(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" *Wells Fargo Bank, N.A. v. FSI, Fin. Solutions, Inc.*, 196 Cal. App. 4th 1559, 1573 (2011) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 50 (2009)).  "[U]nder California law, negligent misrepresentation is a species of actual fraud." *Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987.)  As such, Plaintiffs' claim is subject to the heightened pleading requirements of Rule 9.  Fed. R. Civ. P. 9(b).  For the same reasons discussed above with respect to Plaintiffs' fraud claim, Plaintiffs have failed to identify with sufficient particularity any misrepresentations on which they detrimentally relied.

Therefore, Plaintiffs' claim is dismissed without prejudice.  Again, Plaintiffs may amend their claim to plead facts showing that Defendants exceeded the scope of their role as lenders only if Plaintiffs can do so consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 12-207-JLS (DTBx)                                         Date:  January 8, 2014
Title:  Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

___

### 8. Cancellation of Trustee's Sale/Trustee's Deed

Plaintiffs bring claims for Cancellation of the Trustee's Deed and of the Trustee's Sale.  (*Id*. ¶¶ 75-85.)  Plaintiffs allege that "Defendants failed to publish and post, or cause to be published and posted certain notices of their intent to sell the property at public auction . . . ."  (FAC ¶ 76.)  However, Defendants attach to their Motion publicly filed copies of the Notice of Default, dated February 18, 2011, and Notice of Trustee's Sale, dated May 23, 2011.  (Defs' RJN Exs. 5 and 6.)  As such, Plaintiffs' claims are dismissed with prejudice insofar as they are based on Plaintiffs' allegation that Defendants failed to publish and post notice of their intent to sell Plaintiffs' property.

The Motion addresses Plaintiffs' claims only insofar as they are based on that allegation.  However, Plaintiffs also allege that Defendants "unlawfully conducted a Trustee's Sale because Plaintiffs had a cont[r]act with BAC wherein BAC would not foreclose if Plaintiffs qualified for a permanent loan modification."  (FAC ¶ 77.)  Therefore, the Motion is denied insofar as it is based on that additional allegation.

### 9. Violation of the UCL

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Because the statute is written in the disjunctive, it applies separately to business practices that are (1) unlawful, (2) unfair, or (3) fraudulent.  *See Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 540 (1999).  Plaintiffs bring a claim only under the fraudulent prong of the UCL, alleging that "Defendants' acts and practices are likely to deceive, constituting a fraudulent business act or practice."  (FAC ¶ 94.)  However, again, Plaintiffs fail to allege with particularity fraudulent acts or misrepresentations by Defendants.  As such, Plaintiffs fail to state a claim for violation of the UCL, and their claim is dismissed without prejudice.

### 10. Punitive Damages

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 12-207-JLS (DTBx)                                         Date:  January 8, 2014

Title:  Martin Cabral and Christina Cabral v. BAC Home Loans Servicing LP, et al.

    As the Court granted Defendants' unopposed motion to strike Plaintiffs' request for punitive damages, it denies as moot Defendants' motion to dismiss the punitive damages request.

**IV.  Conclusion**

    For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss. Plaintiffs' claims for fraud, breach of contract as third party beneficiary, negligence, negligent misrepresentation, and violation of the UCL are DISMISSED WITHOUT PREJUDICE.  Plaintiffs' claim for wrongful foreclosure is DISMISSED WITH PREJUDICE.  Plaintiffs' claims for cancellation of trustee's sale and cancellation of trustee's deed are DISMISSED WITH PREJUDICE insofar as they are based on Plaintiffs' allegation that Defendants failed to publish and post notice of their intent to sell Plaintiffs' property.  Defendants' Motion is DENIED as to Plaintiffs' claims for breach of contract and promissory estoppel.  The Motion is also DENIED as to Plaintiff's claims for Cancellation of the Trustee's Deed and of the Trustee's Sale, insofar as those claims are based on BAC's alleged breach of contract.

                                                                                Initials of Preparer:  tg